Dear Mr. Bagwell:
Your inquiry received March 12, 1992 has been directed to me for research and reply. The Town of White Castle is a Lawrason Act municipality with a Mayor and Board of Aldermen form of government. Your question is generally concerned with the veto powers of the Mayor, if any, when an action of the Board of Aldermen is taken by simple motion.
The Mayor has no statutory authority to veto a simple motion. Our research reflects two previous opinions have addressed this exact issue and concluded:
 ". . . the veto power of the mayor extends only to laws, by-laws and ordinances passed by majority vote of the board of aldermen, and that it does not apply to action taken by the board of aldermen on simple motion." (Emphasis added); See copies of Opinion Number 80-1240, Opinion Number 1942-44, p. 924, and Opinion Number 1938-40, p. 691, enclosed.
Because the problem is procedural in nature, we refer you to Robert's Rules of Order Newly Revised, General Henry M. Robert, (Illinois: Scott, Foresman and Company, 1970), which contains detailed parliamentary rules of procedure. The manual defines a "motion" as "a formal proposal by a member, in a meeting, that the assembly take certain action." Section 3 at page 22. A member makes the motion; another member seconds the motion; the chairman states the question on the motion; the motion is then open for debate; and finally, the assembly adopts or carries the motion, or if the assembly expressly decides against doing what the motion proposes, the motion is lost, or rejected. Section 4 at pages 26 and 27. We also suggest review of pertinent language contained in Section 34 of Robert's Rules of Order relating to the correct procedure to rescind or amend previously adopted motions. See Section 34 at page 256. Applying these rules to your specific questions, if the motion is made and seconded, and approved by affirmative vote of the majority, then the motion carries. If the majority vote is negative, then the motion is rejected. The Mayor may not utilize his veto power in either instance as his "veto is not designed to preclude action taken pursuant to a motion." See Opinion Number 80-1240, at page 2.
Finally, please note the provisions of LSA-R.S. 33:406 which address the veto authority of a Lawrason Act Mayor and the Board of Aldermen's authority to override the Mayor's veto in the enactment of an ordinance. We enclose a copy of Opinion Number 87-596 which discusses the statute in greater detail.
Should you have further questions, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0052E